BEFORE THE SECOND DIVISION, JUNE 3, 1954

**No. 58137.**—R. W. Smith *v.* United States, protest 187150–K (Galveston).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of seamless steel oil-well casings similar in all material respects to those the subject of *United States* v. *Winkler-Koch Engineering Co.* (41 C. C. P. A. 121, C. A. D. 540), the claim of the plaintiff was sustained.

**No. 58138.**—Standard Oil Company of California and Guy B. Barham Company *v.* United States, protests 217522–K and 210525–K (Los Angeles).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of seamless steel A. P. I. casings the same in all material respects as those the subject of *Humble Oil & Refining Co. et al.* v. *United States* (32 Cust. Ct. 32, C. D. 1577), the claim of the plaintiffs was sustained.

**No. 58139.**—Ira Furman Co. *v.* United States, protest 174907–K (New York).

Opinion by LAWRENCE, J. At the trial, it was stipulated that the merchandise in controversy is metal scrap, to wit, nonferrous metal scrap containing nickel, copper, and zinc, and articles of which nonferrous metal is the component material in chief value; that the material is secondhand, waste, or refuse; and that it is obsolete, defective, or damaged and is fit only to be remanufactured. Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, and is properly entitled to free entry.